*92
SUMMARY ORDER

Petitioner Ousmane Barry, a native and citizen of Guinea, seeks review of an August 22, 2008 order of the BIA affirming the July 31, 2006 decision of Immigration Judge (“IJ”) Helen J. Sichel, pretermitting his asylum application and denying his applications for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Ousmane Barry, No. A95 381 673 (B.I.A. Aug. 22, 2008), aff'g No. A95 381 673 (Immig. Ct. N.Y. City July 31, 2006). We assume the parties’ familiarity wdth the underlying facts and procedural history of the case.
As a ¡oreliminary matter, because Barry does not challenge the IJ’s pretermission of his asylum application, we deem any such challenge waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We therefore review only Barry’s challenge to the agency’s denial of his applications for withholding of removal and CAT relief.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
Here, the agency’s adverse credibility determination is supported by substantial evidence. In his brief to this Court, Barry only challenges two of the factors that the BIA relied upon in affirming the IJ’s adverse credibility determination. Barry asserts that according to Guinea custom, his father-in-law could declare his child’s birth to the authorities on Barry’s behalf. However, the IJ reasonably concluded, “viewing the evidence] in the light of common sense and ordinary experience” that the signature on his child’s birth certificate “clearly indicated]” that Barry declared the birth of his child and thus was not in detention during the time that he said he had been. See Siewe v. Gonzales, 480 F.3d 160, 168-69 (2d Cir.2007).
Contrary to Barry’s assertions, moreover, the IJ reasonably concluded that his inability to identify his child’s age when he was released from detention undercut his claim that he had been detained, and thus went to the heart of his claim that he was detained and mistreated because of his involvement with the political party known as UPR. See Secaida-Rosales v. I.N.S., 331 F.3d 297, 308 (2d Cir.2003). And while “disparities ... need not be fatal to credibility, especially if the errors are relatively minor and isolated,” Diallo v. I.N.S., 232 F.3d 279, 288 (2d Cir.2000), here, the IJ properly relied on the “cumulative effect” of the inconsistencies in Barry’s claim, see Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006).
The BIA, in affirming the IJ’s adverse credibility finding, relied on several other undisputed factors, including Barry’s apparent attempt to coach a witness and “his inability to provide specific dates and difficulty explaining contradictions in his testimony regarding his reported 15-month imprisonment, and how and when he traveled to the United States through Canada.” Because he fails to challenge these findings, they remain valid bases for the agency’s adverse credibility determination. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
Because the only evidence of a threat to Barry’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. See Paul v. Gon *93 zales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED.